# EXHIBIT "A"

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___Fulton___ County

```
┌─────────────────────────────────────────────────────────────────────────┐
│  For Clerk Use Only                                                        │
│                                                                            │
│  Date Filed _____           Case Number _____        │
│          MM-DD-YYYY                                                         │
└─────────────────────────────────────────────────────────────────────────┘
```

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Perez, Lorena | | | | | Qualls, Norman L. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Atlantic Freight, Inc | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Knight Specialty Insurance Company | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | State Farm Mutual Automobile Insurance Company as the Uninsured/Underinsured Motorist Carrier | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** ___Jameson Sackey___    **State Bar Number** ___584648___    **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☒ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contempt/Modification/Other Post-Judgment |    ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contract | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☐ General Tort | ☐ Modification |
| ☐ Habeas Corpus |    ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☐ Other General Civil | |

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
    Case Number                    Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
    Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LORENA PEREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| **NORMAN L. QUALLS,** | ) | |
| **ATLANTIC FREIGHT, INC., and** | ) | |
| **KNIGHT SPECIALTY INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### COMPLAINT

NOW COMES, Lorena Perez (hereinafter "Plaintiff") by and through the Counsel of

Record and shows this Court the following facts and circumstances in support of this Complaint.

### PARTIES AND JURISDICTION

1.

Plaintiff resides in Lilburn, Gwinnett County, Georgia and is subject to the jurisdiction of

this court.

2.

Norman L. Qualls (hereinafter "Defendant Qualls") at 233 Tresca Road, Jacksonville,

Duval County, Florida 32225 and may be served with a copy of the Summons, Complaint, Request

for Admissions to Defendant Qualls, Request for Production of Documents to Defendant Qualls

and Interrogatories to Defendant Qualls at this address and is subject to the jurisdiction of this

court, pursuant to O.C.G.A. § 40-12-1.

1

3.

Atlantic Freight, Inc (hereinafter "Defendant Atlantic") may be served through its registered agent Maksim Paly, 233 Tresca Road, Jacksonville, Duval County, Florida 32225, and may be served with a copy of the Summons, Complaint, Request for Admissions to Defendant Atlantic, Request for Production of Documents to Defendant Atlantic and Interrogatories to Defendant Atlantic at this address and is subject to the jurisdiction of this court, pursuant to pursuant to O.C.G.A. § 40-12-1.

4.

Knight Specialty Insurance Company (hereinafter "Defendant Knight") was the insurance carrier for Atlantic Freight, Inc on the date of the subject collision and can be served with a Summons and Complaint, Interrogatories, Request for Production of Documents and Request for Admissions whose registered agent, Diane J. Bartels, Brandywine Village, 1807 North Market Street, Wilmington, New Castle County, DE 19802 is a permissible party to this lawsuit pursuant to O.C.G.A. § 46-7-2, and is therefore subject to the jurisdiction of this Court.

5.

State Farm Mutual Automobile Insurance Company, served as the Uninsured/Underinsured Motorist Carrier (hereinafter "State Farm") and can be served with a Summons and Complaint, Interrogatories, Request for Production of Documents and Request for Admissions through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400 Peachtree Corners, Gwinnett County, Georgia 30092.

6.

Jurisdiction and venue are proper in this court.

## BACKGROUND

7.

On or about March 3, 2020 the Plaintiff was a passenger in a vehicle operated by Dagoberto Castaneda when Defendant Qualls negligently caused a clear liability collision that resulted in extensive property damage to the vehicle in which Plaintiff was a passenger and significant bodily injuries to Plaintiff.

8.

On or about March 3, 2020 Defendant Qualls was driving his 2006 Peterbilt tractor-trailer on I-285 Eastbound near the Riverside Drive exit.

9.

On this date, Defendant Qualls was operating his tractor-trailer within the scope of his employment for Defendant Atlantic Freight, Inc.

10.

On or about March 3, 2020, Defendant Qualls failed to operate his vehicle in a safe and prudent manner and the left side of his tractor-trailer struck the right front passenger side of the vehicle in which the Plaintiff was a passenger.

11.

As a result of the collision, the Plaintiff was diagnosed with acute head trauma, headaches, neck pain, right shoulder pain, right wrist pain, right knee pain, lacerations to both arms, and has incurred medical special damages and lost wages as a result of this clear liability collision.

12.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

3

<u>COUNT I</u>
<u>NEGLIGENCE</u>

13.

Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Plaintiff shows that the aforesaid collision was proximately caused by the negligence of the Defendant Qualls and said acts of negligence of said individual include, but are not limited to, the following:

a)   Immediately prior to the aforesaid collision, Defendant Failed to Maintain Lane in violation of O.C.G.A. § 40-6-48;

b)   Immediately prior to the aforesaid collision, Defendant misjudged clearance;

c)   Immediately prior to the aforesaid collision, Defendant failed to take evasive action;

d)   Immediately prior to the aforesaid collision, Defendant failed to warn;

e)   Immediately prior to the aforesaid collision, Defendant failed to keep a proper lookout; and

f)   Any and all acts of negligence which may be shown at trial.

15.

Defendant Qualls was negligent in failing to maintain a proper lookout for Plaintiff's vehicle and colliding with Plaintiff's vehicle.

16.

Defendant Qualls's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

4

## COUNT II
## IMPUTED LIABILITY

17.

Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

18.

At the time of the subject collision, Defendant Qualls was under dispatch for Defendant Atlantic Express Co., Inc.

19.

At the time of the subject collision, Defendant Qualls was operating his vehicle on behalf of Defendant Atlantic Express Co., Inc.

20.

Defendant Atlantic Express Co., Inc. is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Qualls in regard to the collision described in this Complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT III
## DIRECT ACTION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendant Knight Specialty Insurance Company is subject to a direct action as the insurer for Defendant Atlantic Express Co, Inc. pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

23.

Defendant Knight Specialty Insurance Company was the insurer of Defendant Atlantic Freight, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

24.

Defendant Knight Specialty Insurance Company and Defendant Atlantic Freight, Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

25.

Defendant Knight Specialty Insurance Company is responsible for any judgment rendered against Defendant Atlantic Freight, Inc and Defendant Qualls up to its policy limits of coverage.

COUNT IV
DAMAGES

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

27.

As a result of Defendants' negligence, Plaintiff suffered bodily injuries.

28.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses in excess of $196,639.40 and will continue to incur future medical expenses.

29.

As a result of Defendants' negligence, Plaintiff has been unable to work and has a claim for past and future lost wages.

30.

Defendants' negligence is the sole and proximate cause of Plaintiff's damages.

COUNT V
PUNITIVE DAMAGES

31.

Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

a.  That Plaintiff recovers the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.  That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.  That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

d.  Expenses of litigation including reasonable attorney fees;

d.  That plaintiff recover such other and further relief as is just and proper.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Jameson Sackey

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

8

State Court of Fulton County
\*\*E-FILED\*\*
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | )) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT ATLANTIC FREIGHT, INC.

COMES NOW Lorena Perez (hereinafter "Plaintiff") in the above styled action, who

pursuant to the Georgia Civil Practice Act, and serves these Interrogatories upon Atlantic Freight,

Inc. (hereinafter "Defendant Atlantic"), and requests that they be answered fully, in writing and

under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if

the Defendant obtains further or different information between the time responses are served and

the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "Document" shall mean every writing and record of every type and description that

is or has been in the Defendant's possession, custody, or control or of which the Defendant has

knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic

or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or

1

statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.    "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.    To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    (a)    The title or other means of identification of each such document;

    (b)    The date of each such document;

    (c)    The author of each such document;

    (d)    The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

    (e)    The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

    (f)    The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

    (g)    If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.    To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

2

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiffs in this action.

7.      If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>INTERROGATORIES</u>

1.

State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis, if applicable) driven by Norman L. Qualls (hereinafter "Defendant Qualls") on the date of the incident referred to in the complaint and describe the nature of the interest.

2.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by Defendant Qualls from 30 days prior to the subject collision to 30 days subsequent to the collision.

3.

State the point of origin, destination and reason for the trip being made by Defendant Qualls at the time of the incident referred to in the complaint.

4.

In regard to the load being transported at the time of the collision by Defendant Qualls identify:

(a)      Where the load originated:

(b)      The contents thereof;

(c)      The weight of said load;

3

(d)     The final destination of the load;

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence or other writings pertaining to the transportation of said load.

5.

Was the Defendant's vehicle covered by liability insurance?  If so, state the names of all insurers providing liability insurance on said vehicle and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

7.

Do you contend that the Plaintiff caused or contributed to the collision in question?  If so, state with particularity each and every contention made in this regard.

8.

Did you conduct a post-accident alcohol and controlled substance test on Defendant Qualls?  If so, please state:

(a)     The date of testing;

(b)     Who performed the test;

(c)     Where the test was performed;

(d)     The results of the test.

9.

If post-accident testing was not performed on Defendant Qualls, please state the reasons such testing did not occur.

10.

Was a post-accident report completed and forwarded to the Federal Highway Administration? If not, please state the reasons that a post-accident report was not completed.

11.

State in detail the factual basis for each defense you have raised in your answer to the complaint.

12.

State the name, address and telephone number for the president, safety director, federal safety regulation compliance officer, the dispatcher for the trip that ultimately resulted in the collision, and all persons who interviewed and were involved with the hiring or associating of Defendant Qualls.

13.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM or device known by any other name that records information concerning the operation of the tractor.

14.

Describe the tractor operated by Defendant Qualls at the time of the collision, including but not limited to the year, make, model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios or other descriptive information regarding the tractor and trailer unit.

15.

Has Defendant Qualls ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

5

(a)     The date of the violation;

(b)     A description of the violation;

(c)     The location where the violation occurred;

(d)     The agency issuing the citation;

(e)     The ultimate disposition of the charges.

16.

Has Defendant Qualls ever been disqualified or placed out-of-service?  If so, please state

for each instance.

(a)     The dates of disqualification;

(b)     The reason for the disqualification.

17.

Identify the name and address of any repair facility that performed repairs or maintenance

on the tractor and trailer (including any container or chassis, if applicable) driven by Defendant

Qualls on the date of the incident referred to in the complaint for the one-year period preceding

the incident and the six-month period after the incident.

18.

State the extent of any training provided to Defendant Qualls by this Defendant or any

outside agency since the date of Defendant driver's application for employment or the date he/she

began driving for this Defendant, whichever came first.

19.

Please explain the nature of the employment relationship between this defendant and

Defendant Qualls (i.e., lease operator, company driver, temporary driver, etc.), including, but not

limited to, the date the employment relationship began, if the employment relationship has been

terminated, the date of such termination and the identity of the person who terminated such driver.

20.

With respect to Defendant Qualls please state the driver's mode of compensation.

21.

Does this Defendant, on its own or through its insurer, or through any other person or business entity, obtain information from any private source or governmental agency concerning the driving history, driving infractions and motor vehicle records of the drivers it employs?  If so, please state the name and business of each entity through which such information was requested or obtained concerning the driver involved in the subject collision, and the dates upon which such information was obtained concerning the driver operating the commercial truck involved in the subject collision.

22.

Please identify all automobile accidents and moving violations for Defendant Qualls prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction and a description of the event.

23.

Please state Defendant Qualls' date of birth, last four digits of Defendant Qualls' Social Security number and driver's license number.

24.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by Defendant Qualls on the date of the incident.

25.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a)      Was an eyewitness to the incident complained of in this action;

(b)      Has some knowledge of any fact or circumstance upon which your defense is based;

7

(c)     Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of the Plaintiff.

26.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action?  If so, describe such statement or report and give the name and address of the person having custody and control thereof.

27.

To your knowledge, information or belief are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint, the vehicles or the Plaintiff?  If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

28.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

29.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

This the 14th day of May 2021.

8

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

9

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LORENA PEREZ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No:** |
| | ) |
| NORMAN L. QUALLS, | ) |
| ATLANTIC FREIGHT, INC., and | ) |
| KNIGHT SPECIALTY INSURANCE | ) |
| COMPANY | ) |
| | ) |
| **Defendants.** | )   **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### KNIGHT SPECIALTY INSURANCE COMPANY

COMES Lorena Perez (hereinafter "Plaintiff") pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Knight Specialty Insurance Company (hereinafter "Defendant Knight"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if Knight obtains further or different information between the time responses are served and the time of trial, as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "Document" shall mean every writing or record of every type and description that is or has been in Knight's possession, custody, or control or of which Knight has knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or

1

any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)      The title or other means of identification of each such document;

(b)      The date of each such document;

(c)      The author of each such document;

(d)      The recipient or recipients of each such document, including but not limited to Knight or anyone who purports to represent Knight;

(e)      The present location of any and all copies of each such document in the care, custody, or control of Knight.

(f)      The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)      If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.      "Relate to" or "related to" shall mean relating to, reflecting, concerning, or

2

evidencing in any way.

6.      "Complaint" refers to the Complaint filed by Plaintiff in this action.

<u>INTERROGATORIES</u>

1.

Please state the name, address and telephone number of each person whom you believe to have any knowledge concerning the facts and issues in the above styled case.

2.

If you are claiming the Plaintiff's injuries may have been caused by a prior incident or otherwise existed prior to the incident described in Plaintiffs' Complaint, please list the facts in support of this claim of which you have knowledge at the time these Interrogatories are served.

3.

Identify each person whom you expect to call as an expert witness at trial and state the subject matter on which said experts are expected to testify and the substance of the facts and opinions to which the expert is expected to testify and the summary of grounds for each opinion and the address, telephone number and training of said expert.

4.

Please list (including policy number) all insurance agreements, policies, umbrella policies, reinsurance agreements, bonds, indemnity agreements and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above named action or to indemnify or reimburse for payments made to satisfy a judgment which could arise in the above named action.

5.

A listing of documents or tangible properties in your possession, custody or control, which

3

support facts relevant to this litigation. <u>E.H. Siler Realty & Business Broker, Inc., v. Sanderlin,</u>

158 Ga. App. 796(2), 282 SE 2d 381 (1981).

6.

Please identify each person who participated preparing the answers to these interrogatories

<u>and</u> the documents used in reliance thereon.

7.

Identify by name each document, which supports any contention that the Plaintiff's injuries

were not proximately caused by the incident involving the Defendant or were pre-existing in

nature.

8.

Please identify each document, which you have withheld from production in response to

Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified

immunity, including in your response the basis on which each document was withheld.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff


8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
<u>Jameson@Monge.Lawyer</u>

4

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

PLAINTIFF'S FIRST INTERROGATORIES TO STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AS THE UNINSURED/UNDERINSURED MOTORIST CARRIER

NOW COMES, Lorena Perez (hereinafter "Plaintiff"), pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon State Farm Mutual Automobile Insurance Company, served as the Uninsured/Underinsured Motorist Carrier (hereinafter "State Farm") and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if State Farm obtains further or different information between the time responses are served and the time of trial, as required by law.

DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "Document" shall mean every writing or record of every type and description that is or has been in State Farm's possession, custody, or control or of which State Farm has knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or

1

handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

(a)      The title or other means of identification of each such document;

(b)      The date of each such document;

(c)      The author of each such document;

(d)      The recipient or recipients of each such document, including but not limited to State Farm or anyone who purports to represent State Farm

(e)      The present location of any and all copies of each such document in the care, custody, or control of State Farm.

(f)      The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

(g)      If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.      To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number.  To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and

2

to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

     5.    "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

     6.    "Complaint" refers to the Complaint filed by Plaintiff in this action.

<u>INTERROGATORIES</u>

1.

Please identify any facts, circumstances and grounds in support of your defense that the defendant is not underinsured.

2.

Please identify any facts, circumstances and grounds in support of your defense that the Plaintiff has failed to satisfy all conditions necessary to recover against his uninsured motorist carrier.

3.

Please state the name, address and telephone number of each person whom you believe to have any knowledge concerning the facts and issues in the above styled case.

4.

If you are claiming the Plaintiff's injuries may have been caused by a prior incident or otherwise existed prior to the incident described in Plaintiff's Complaint, please list the facts in support of this claim of which you have knowledge at the time these Interrogatories are served.

5.

Identify each person whom you expect to call as an expert witness at trial and state the subject matter on which said experts are expected to testify and the substance of the facts and

opinions to which the expert is expected to testify and the summary of grounds for each opinion and the address, telephone number and training of said expert.

6.

Please list (including policy number) all insurance agreements, policies, umbrella policies, reinsurance agreements, bonds, indemnity agreements and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above named action or to indemnify or reimburse for payments made to satisfy a judgment which could arise in the above named action.

7.

A listing of documents or tangible properties in your possession, custody or control which support facts relevant to this litigation.   E.H. Siler Realty & Business Broker, Inc., v. Sanderlin, 158 Ga. App. 796(2), 282 SE 2d 381 (1981).

8.

Please identify each person who participated preparing the answers to these interrogatories and the documents used in reliance thereon.

9.

Identify by name each document which supports any contention that the Plaintiff's injuries were not proximately caused by the incident involving the Defendant or were pre-existing in nature.

10.

Please identify each document which you have withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in your response the basis on which each document was withheld.

4

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

5

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | )) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

<u>PLAINTIFFS' FIRST INTERROGATORIES</u>
<u>TO DEFENDANT NORMAN L. QUALLS</u>

COMES NOW Lorena Perez (hereinafter "Plaintiff") in the above styled action, who pursuant to the Georgia Civil Practice Act, and serves these Interrogatories upon Norman L. Qualls (hereinafter "Defendant Qualls"), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendant obtains further or different information between the time responses are served and the time of trial, as required by law.

<u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1.    "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings,

minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.  "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.  To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    (a)  The title or other means of identification of each such document;

    (b)  The date of each such document;

    (c)  The author of each such document;

    (d)  The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

    (e)  The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

    (f)  The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

    (g)  If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.  To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and

2

to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

     5.     "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

     6.     "Complaint" refers to the Complaint filed by Plaintiffs in this action.

     7.     If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

<u>INTERROGATORIES</u>

1.

Please identify your full name, address, date of birth, marital status, last four digits of your social security number, any other names you may be known, and the names and addresses of any relatives you have in the county in which the above captioned action is pending.

2.

Please state the name, address and telephone number of each person whom you believe to have any knowledge concerning the facts and issues in the above styled case.

3.

Identify all owners and lessors of the vehicle you were operating at the time of the subject collision.  How long have you operated this vehicle?

4.

Where had you been prior to the instant collision, where were you going at the time of the collision and what time were you due to arrive at your destination.

5.

Please describe in detail how you contend the occurrence, which is the subject of this suit, occurred.

3

6.

Please identify all statements, which you said or heard at the scene of this wreck, within one (1) hour after the incident and admissions of fault, which you are contending, were made by the Parties, Police Officer(s), Witnesses or other persons with knowledge.

7.

What was the extent of damage sustained to the vehicle you were driving as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

8.

If you received a ticket of any sort as a result of this collision, state the charge on the ticket, the court involved and the disposition of the charge.

9.

Please state whether or not you consumed any alcoholic beverages or drugs of any kind within the twelve hours prior to this collision. If yes, please state the amount, time and place where the alcohol or drugs were consumed.

10.

If you are claiming the Plaintiff was partially or contributory negligent, please specify each act of negligence.

11.

If you are claiming the Plaintiff's injuries may have been caused by a prior incident or otherwise existed prior to the incident involving the Defendant, please list the facts in support of this claim of which you have knowledge at the time these Interrogatories are served.

12.

Please review your driver's license and list your classification and any restrictions.

13.

At the time and place of the incident referred to in the Complaint, were you on the business of any other person, firm or corporation. If so, please identify such person, firm or corporation and give the nature of the business relationship, which existed at that time.

14.

Please identify whether you are near-sighted or far-sighted, and the name, address and telephone number of your optometrist.

15.

Please identify the names, addresses, telephone numbers of all hospitals, physicians, chiropractors, psychologists, psychiatrists and practitioners of the healing arts who have examined you for any injuries resulting from this collision.

16.

Identify each person whom you expect to call as an expert witness at trial and state the subject matter on which said experts are expected to testify and the substance of the facts and opinions to which the expert is expected to testify and the summary of grounds for each opinion and the address, telephone number and training of said expert.

17.

Identity all insurance policies, umbrella policies, indemnity agreements and excess liability policies in force and effect on the date of loss which provide coverage to you, the vehicle you were driving or otherwise apply to this incident by stating the insurer name, address, policy number, claim number, adjuster, named insured's relationship to driver and amount of available coverage.

18.

Please state your address at the time of the subject collision along with the identity of all persons with whom you were residing and your relationship to said persons.

19.

Identify any and all civil actions which you have been either a Plaintiff or Defendant by stating the following: parties, case number, jurisdiction, nature of case, and opposing counsel's address and telephone number.

20.

Please identify all prior criminal charges or convictions by jurisdiction, offense, accusation or indictment number, and disposition, including first offender charges and pleas of nolo contendere, in which you have been a previous Defendant.

21.

If you contend, another party was wholly or partially responsible for damages sustained by the Plaintiff, please identify the name, address and telephone number of said party.

22.

A listing of documents or tangible properties in the Defendant's possession, custody or control, which support facts relevant to this litigation.  E.H. Siler Realty & Business Broker, Inc., v. Sanderlin, 158 Ga. App. 796(2), 282 SE 2d 381 (1981).

23.

Please identify the name, address and telephone number of every pharmacist or drug store which has filled any prescriptions for you in the (30) days prior to the instant motor vehicle collision.

24.

Please identify each person who participated preparing the answers to these interrogatories <u>and</u> the documents used in reliance thereon.

25.

Identify by name each document, which supports any contention that the Plaintiff's injuries were not proximately caused by the incident involving the Defendant or were pre-existing in nature.

26.

Please identify all documents for any cell phone, car phone, mobile phone, pager, or radio communication device, which you owned, had access to, or used on the date of the collision, including but not limited to contracts of service, billing statements, invoices, and itemized statements. This interrogatory seeks the name, address, and billing information for any contracts of service related to the communication media described in this Interrogatory.

27.

Please identify each document, which you have withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, including in your response the basis on which each document was withheld.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Jameson Sackey

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

LORENA PEREZ,                          )
                                       )
          **Plaintiff,**               )
                                       )
v.                                     )          **Civil Action No:**
                                       )
NORMAN L. QUALLS,                      )
ATLANTIC FREIGHT, INC., and            )
KNIGHT SPECIALTY INSURANCE             )
COMPANY                                )
                                       )
          **Defendants.**              )          **DEMAND FOR JURY TRIAL**

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

PLAINTIFFS' FIRST REQUEST FOR ADMISSSIONS TO
DEFENDANT ATLANTIC FREIGHT, INC.

COMES NOW Lorena Perez (hereinafter "Plaintiff") pursuant to O.C.G.A.§ 9-11-36

requests that Atlantic Freight, Inc (hereinafter "Defendant Atlantic") admit or deny the truth of the

following statements with the time allowed by law and that the Defendant serve a copy of your

responses hereto upon Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia

30350.  Please admit or deny the following:

1.

The incident giving rise to the subject action occurred on March 3, 2020.

2.

You were properly served with a copy of the Summons, Complaint, Interrogatories,

Request for Production of Documents, and Request for Admissions in this action.

3.

You were properly served with a copy of the Summons and Complaint in this action within

the applicable statute of limitations.

1

4.

You are a proper party to this action.

5.

You are the only necessary Defendant to this action.

6.

This Court has jurisdiction over this action.

7.

Venue is proper before this Court.

8.

Plaintiff has stated a claim against you for which relief may be granted.

9.

No act or omission on the part of Plaintiff caused the subject collision.

10.

No act or omission on the part of the Plaintiff contributed to the subject collision.

11.

You were negligent per se in causing the subject collision.

12.

Your negligence was the sole proximate cause of the subject collision.

13.

Plaintiff was physically injured as a result of the subject collision.

14.

You or someone on your behalf has obtained copies of Plaintiff's medical records to show Plaintiff was physically injured in the incident.

15.

You or someone on your behalf has conducted surveillance on Plaintiff.

16.

You or someone on your behalf has conducted a background check on Plaintiff.

17.

You gave a recorded statement to your insurance company before Plaintiff filed this action.

18.

Norman L. Qualls (hereinafter "Defendant Qualls") was operating his tractor-trailer on behalf of Defendant Norman L. Qualls (hereinafter "Defendant Qualls") on March 3, 2020.

19.

Defendant Qualls was operating his tractor-trailer and under a load on behalf of Defendant Atlantic on March 3, 2020.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Jameson Sackey

_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

3

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LORENA PEREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No:** |
| | ) | |
| **NORMAN L. QUALLS,** | ) | |
| **ATLANTIC FREIGHT, INC., and** | ) | |
| **KNIGHT SPECIALTY INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

## PLAINTIFFS' FIRST REQUEST FOR ADMISSSIONS TO
## DEFENDANT KINIGHT SPECIALTY INSURANCE COMPANY

COMES NOW Lorena Perez (hereinafter "Plaintiff") pursuant to O.C.G.A.§9-11-36 requests that Knight Specialty Insurance Company (hereinafter "Defendant Knight") admit or deny the truth of the following statements with the time allowed by law and that the Defendant serve a copy of your responses hereto upon Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350.  Please admit or deny the following:

1.

The incident giving rise to the subject action occurred on March 3, 2020.

2.

You were properly served with a copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, and Request for Admissions in this action.

3.

You were properly served with a copy of the Summons and Complaint in this action within the applicable statute of limitations.

1

4.

You are a proper party to this action.

5.

You are the only necessary Defendant to this action.

6.

This Court has jurisdiction over this action.

7.

Venue is proper before this Court.

8.

Plaintiff has stated a claim against you for which relief may be granted.

9.

No act or omission on the part of Plaintiff caused the subject collision.

10.

No act or omission on the part of the Plaintiff contributed to the subject collision.

11.

You were negligent per se in causing the subject collision.

12.

Your negligence was the sole proximate cause of the subject collision.

13.

Plaintiff was physically injured as a result of the subject collision.

14.

You or someone on your behalf has obtained copies of Plaintiff's medical records to show Plaintiff was physically injured in the incident.

2

15.

You or someone on your behalf has conducted surveillance on Plaintiff.

16.

You or someone on your behalf has conducted a background check on Plaintiff.

17.

You gave a recorded statement to your insurance company before Plaintiff filed this action.

18.

On March 3, 2020 Atlantic Freight, Inc. had a valid insurance policy with Knight Specialty Insurance Company.

19.

On March 3, 2020 Atlantic Freight, Inc.'s valid insurance policy with Knight Specialty Insurance Company had limits of $750,000.00.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

3

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LORENA PEREZ,                        )
                                     )
      Plaintiff,                 )
                                     )
v.                                   )          Civil Action No:
                                     )
NORMAN L. QUALLS,                    )
ATLANTIC FREIGHT, INC., and          )
KNIGHT SPECIALTY INSURANCE           )
COMPANY                              ))
                                     )
      Defendants.               )          **DEMAND FOR JURY TRIAL**

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

<u>PLAINTIFF'S FIRST REQUEST FOR ADMISSSIONS TO
DEFENDANT NORMAN L. QUALLS</u>

COMES NOW Lorena Perez (hereinafter "Plaintiff"), pursuant to O.C.G.A.§ 9-11-36 requests that Norman L. Qualls (hereinafter "Defendant") admit or deny the truth of the following statements with the time allowed by law and that the Defendant serve a copy of your responses hereto upon Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350. Please admit or deny the following:

1.

The incident giving rise to the subject action occurred on March 3, 2020.

2.

You were properly served with a copy of the Summons, Complaint, Interrogatories, Request for Production of Documents, and Request for Admissions in this action.

3.

You were properly served with a copy of the Summons and Complaint in this action within the applicable statute of limitations.

1

4.

You are a proper party to this action.

5.

You are the only necessary Defendant to this action.

6.

This Court has jurisdiction over this action.

7.

Venue is proper before this Court.

8.

Plaintiff has stated a claim against you for which relief may be granted.

9.

No act or omission on the part of Plaintiff caused the subject collision.

10.

No act or omission on the part of the Plaintiff contributed to the subject collision.

11.

You were negligent per se in causing the subject collision.

12.

Your negligence was the sole proximate cause of the subject collision.

13.

Plaintiff was physically injured as a result of the subject collision.

14.

You or someone on your behalf has obtained copies of Plaintiff's medical records to show Plaintiff was physically injured in the incident.

2

15.

You or someone on your behalf has conducted surveillance on Plaintiff.

16.

You or someone on your behalf has conducted a background check on Plaintiff.

17.

You gave a recorded statement to your insurance company before Plaintiff filed this action.

18.

On March 3, 2020 you were employed by Atlantic Freight, Inc.

19.

On March 3.,2020 you were under load for Atlantic Freight, Inc.

20.

On March 3, 2020 you failed to maintain your lane, striking the vehicle in which the Plaintiff was a passenger.

21.

On Match 30, 2020 you admitted to the investigating officer that you struck the vehicle in which the Plaintiff was a passenger.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Jameson Sackey
_____
Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

3

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LORENA PEREZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No:** |
| | ) | |
| **NORMAN L. QUALLS,** | ) | |
| **ATLANTIC FREIGHT, INC., and** | ) | |
| **KNIGHT SPECIALTY INSURANCE** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### FIRST REQUEST FOR ADMISSIONS
### TO UNINSURED MOTORIST CARRIER STATE FARM INSURANCE COMPANY

COMES NOW Lorena Perez (hereinafter "Plaintiff") in the above styled action, who

pursuant to O.C.G.A. §9-11-36 requests State Farm Mutual Automobile Insurance Company,

served as the Uninsured/Underinsured Motorist Carrier(hereinafter "State Farm"), admit or deny

the truth of the following statement with the time allowed by law and that it serve a copy of its

responses hereto upon Monge & Associates, P.C., 8205 Dunwoody Place Building 19, Atlanta,

GA. 30350 within forty-five (45) days of service.

1.

There was Uninsured Motorist coverage in effect on March 3, 2020 pursuant to Policy No.

1129258691

2.

The amount of the Uninsured Motorist coverage available pursuant to Policy No.

1129258691 on March 3, 2020 was $25,000.00.

I

3.

There are no other additional policies issued by State Farm in effect on March 3, 2020 providing Uninsured Motorist Coverage.

4.

The amount of Uninsured Motorist Coverage available pursuant to Policy No. 1129258691 on March 3, 2020 provided "add-on" benefits.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO KNIGHT SPECIALTY INSURANCE COMPANY

COMES NOW Lorena Perez (hereinafter "Plaintiff"), hereby requests that Knight

Specialty Insurance Company (hereinafter "Defendant Knight") produce and/or permit the

Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further

requested to produce said documents at the trial of this case, whenever trial may be held. When

used in the Request for Production of Documents, the identity "Knight" or any synonym thereof

is intended to and shall embrace and include, in addition to said entity, Counsel for Knight, and all

agents, servants, employees, representatives, private investigators, and others who are in

possession of or may have obtained information for or on behalf of Knight.

This Request for the Production of Documents shall be deemed continuing, and

supplemental answers shall be required either directly or indirectly obtains further information of

the nature sought herein between the time that this Request is responded to and the time of the

trial. These documents shall be produced to the Plaintiff at 10:00 a.m. on the first business day

following the 45th day after service of this Request, unless other arrangements are made between

1

the parties.

## DOCUMENTS REQUESTED

1.

All insurance agreements, policies, umbrella policies, reinsurance agreements, indemnity agreements and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above-named action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

Copies of all statements relating to the subject of this suit which are in your possession or in the possession of your agents and which were obtained by any insurance company, agents, adjusters or investigators.

3.

All documents related to any background investigations, which you have performed, related to the Plaintiff or Defendants.

4.

All photographs taken of the accident scene, vehicles involved in the accident and the Parties related to the incident described in the Plaintiff's Complaint.

5.

All documents which you have received in response to any O.C.G.A. § 9-11-34 Request issued to any Non-Party in the above styled action.

6.

Any and all documents or tangible properties in your possession, custody or control which relate to the automobile accident involving the Plaintiff.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Jameson Sackey

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

3

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, SERVED AS THE UNINSURED/UNDERINSURED MOTORIST CARRIER

Pursuant to O.C.G.A. § 9-11-34, Lorena Perez (hereinafter "Plaintiff") hereby requests that State Farm Mutual Automobile Insurance Company, served as the Uninsured/Underinsured Motorist Carrier (hereinafter "State Farm") produce and/or permit the Plaintiff to copy the requested documents.   Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held.   When used in the Request for Production of Documents, the identity " State Farm" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for State Farm, and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of State Farm.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Uninsured Motorist Carrier either directly or indirectly obtains further information of the nature sought herein between the time that this

1

Request is responded to and the time of the trial.  These documents shall be produced to the Plaintiff at 10:00 a.m. on the first business day following the 45th day after service of this Request, unless other arrangements are made between the parties.

<u>DOCUMENTS REQUESTED</u>

1.

All insurance agreements, policies, umbrella policies, reinsurance agreements, indemnity agreements and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above named action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

Copies of all statements relating to the subject of this suit which are in your possession or in the possession of your agents and which were obtained by any insurance company, agents, adjusters or investigators.

3.

All documents related to any background investigations which you have performed related to the Plaintiff or Defendant.

4.

All photographs taken of the accident scene, vehicles involved in the accident and the Parties related to the incident described in the Plaintiff's Complaint.

5.

All documents which you have received in response to any O.C.G.A. § 9-11-34 Request issued to any Non-Party in the above styled action.

2

6.

Any and all documents or tangible properties in your possession, custody or control which relate to the automobile accident involving the Plaintiff.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
ATLANTIC FREIGHT, INC., AND NOTICE TO PRODUCE

COMES NOW Lorena Perez (hereinafter "Plaintiff") hereby requests that Atlantic Freight, Inc (hereinafter "Defendant Atlantic") produce and/or permit the Plaintiffs to copy the requested documents. Pursuant to O.C.G.A. §24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant, and all agents, servants, insurance adjusters, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced at 10:00 a.m. on the forty-fifth (45) day after

1

service to Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia 30350, unless other arrangements are made between the parties.

DOCUMENTS REQUESTED

1.

All insurance agreements, policies, umbrella policies, reinsurance agreements, indemnity agreements and excess liability policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the above named action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

Written or recorded statements made by any witness, party or other person having information or knowledge of any fact or circumstance in this action routinely obtained as a standard practice of investigation. Atlantic Coast Line Railroad Company v. Gause, 116 Ga. App. 216, 156 SE 2d 476 (1967).

3.

Damage appraisals and repair invoices (including supplementals) related to any vehicle involved in the collision described in Plaintiff's Complaint and copies of checks disbursed related to property damage.

4.

All photographs taken of the crash scene, vehicles involved in the collision and the Parties related to the incident described in the Plaintiff's Complaint.

2

5.

All documents relating to any convictions of moral turpitude or felony convictions involving Norman L. Qualls (hereinafter "Defendant Qualls").

6.

Title to the vehicle driven by the Defendant Qualls involved in the collision with the Plaintiffs or the lease papers or contracts if the vehicle was not owned by the Defendant.

7.

All documents which you have or subsequently receive in response to any O.C.G.A. § 9-11-34 Request issued to any Non-Party in the above styled action.

8.

All documents which support any contention that the Plaintiff's injuries were not proximately caused by the incident involving Defendant Qualls or were pre-existing in nature.

9.

Any and all medical reports, records or documents which will be used at the time of trial and or deposition for purposes of impeachment and or any other purpose allowable under the Georgia Civil Practice Act.

10.

Please produce all documents for any cell phone, car phone, mobile phone, pager, or radio communication device which Defendant Qualls owned, had access to, or used on the date of the collision, including but not limited to billing statements, invoices, and itemized statements inclusive of the date of the collision giving rise to this litigation.

11.

Documents or tangible properties in the Defendant's possession, custody or control which support facts relevant to this litigation.

12.

Please produce all handwritten or electronic logs for Defendant Qualls for the period of March 1, 2020 up to and including April 1, 2020.

13.

Copies of all company policies, procedures, manuals, or handbooks pertaining to the operation of your business, drivers/independent transportation providers, driving, accident investigation, and hiring, training, supervision, retention, or employment of drivers/independent transportation providers on March 3, 2020. This request includes any policies or outlines contained in any internal program or system.

14.

Please produce all records relating to Defendant Qualls' hiring, retaining, training, supervising, including, but not limited to, any application(s), form(s), background check(s), pre-employment screening, driver history check(s), driver MVA and Federal DOT medical Card.

15.

All documents evidencing, reflecting, or relating to any traffic citation(s) and the disposition of any traffic citation(s) that Defendant Qualls received as a result of the occurrence forming the basis of this lawsuit.

16.

Any and all records, documents, or other tangible items relating to any accidents involving Defendant Qualls or traffic citations received by Defendant White before and since Match 3,

4

2020.

17.

Please produce a copy of Defendant Qualls' driving history record prior to the March 3, 2020 occurrence forming the basis of this lawsuit.

18.

Please produce a copy of Defendant Qualls criminal background check, if any, obtained by Defendant or its subsidiary on or before March 3, 2020 occurrence forming the basis of this lawsuit.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Jameson Sackey

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LORENA PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No:** |
| | ) | |
| NORMAN L. QUALLS, | ) | |
| ATLANTIC FREIGHT, INC., and | ) | |
| KNIGHT SPECIALTY INSURANCE | ) | |
| COMPANY | )) | |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

*State Farm Mutual Automobile Insurance Company*
*Served as Uninsured/Underinsured Motorist Carrier.*

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORMAN L. QUALLS AND NOTICE TO PRODUCE

COMES NOW, Lorena Perez (hereinafter "Plaintiff") hereby requests that the Norman L. Qualls (hereinafter "Defendant Qualls") produce and/or permit the Plaintiff to copy the requested documents. Pursuant to O.C.G.A. § 24-10-26, you are further requested to produce said documents at the trial of this case, whenever trial may be held. When used in the Request for Production of Documents, the identity "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to said entity, Counsel for Defendant, and all agents, servants, insurance adjusters, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information of the nature sought herein between the time that this Request is responded to and the time of the trial. These documents shall be produced at 10:00 a.m. on the forty-fifth (45)

1

day after service to Monge & Associates, 8205 Dunwoody Place, Building 19, Atlanta, Georgia

30350, unless other arrangements are made between the parties.

DOCUMENTS REQUESTED

1.

All insurance agreements, policies, umbrella policies, reinsurance agreements, indemnity

agreements and excess liability policies under which any person or corporation carrying on an

insurance business may be liable to satisfy part or all of the judgment which may be entered in

the above-named action or to indemnify or reimburse for payments made to satisfy the judgment.

2.

Written or recorded statements made by any witness, party or other person having

information or knowledge of any fact or circumstance in this action routinely obtained as a

standard practice of investigation.  Atlantic Coast Line Railroad Company v. Gause, 116 Ga.

App. 216, 156 SE 2d 476 (1967).

3.

Damage appraisals and repair invoices (including supplementals) related to any vehicle

involved in the collision described in Plaintiff's Complaint and copies of checks disbursed

related to property damage.

4.

All photographs taken of the crash scene, vehicles involved in the collision and the

Parties related to the incident described in the Plaintiff's Complaint.

5.

All documents relating to any convictions of moral turpitude or felony convictions

involving the Defendant.

6.

A copy color front and back of your driver's license.

7.

Title to the vehicle driven by the Defendant involved in the collision with the Plaintiff or the lease papers or contracts if the vehicle was not owned by the Defendant.

8.

All documents which you have or subsequently receive in response to any O.C.G.A. § 9-11-34 Request issued to any Non-Party in the above styled action.

9.

All documents which support any contention that the Plaintiff's injuries were not proximately caused by the incident involving the Defendant or were pre-existing in nature.

10.

Any and all medical reports, records or documents which will be used at the time of trial and or deposition for purposes of impeachment and or any other purpose allowable under the Georgia Civil Practice Act.

11.

Please produce all documents for any cell phone, car phone, mobile phone, pager, or radio communication device which you owned, had access to, or used on the date of the collision, including but not limited to billing statements, invoices, and itemized statements inclusive of the date of the collision giving rise to this litigation.

12.

Documents or tangible properties in the Defendant's possession, custody or control which support facts relevant to this litigation.

3

13.

Please produce all handwritten or electronic logs for the period of March 1, 2020 up to and including April 4, 2020.

14.

Copies of all online profiles (e.g., Facebook, Google+, Instagram, Snapchat, Twitter, LinkedIn, Tumblr, etc.), postings, messages (including, but not limited to, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos and online communications from March 1, 2020 up to and including April 4, 2020.

15.

A copy of your complete employee profile.

16.

All documents relating to any reprimands, suspensions, or terminations of your employment at Atlantic Freight, Inc.

17.

All documents relating to any reprimands, suspensions, or terminations of your employment at any previous employer.

This the 14th day of May 2021.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Jameson Sackey*

_____

Jameson Sackey, Esq.
Georgia State Bar No. 584648
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
800-899-5750
Jameson@Monge.Lawyer

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Lorena Perez _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Atlantic Freight, Inc _____

Maksim Paly, 233 Tresca Road, _____

Jacksonville, Duval County, Florida 32225

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Jameson Sackey/Monge & Associates _____

Address:  8205 Dunwoody Place, Building 19 _____

City, State, Zip Code:  Atlanta, Georgia 30350 _____        Phone No.:  800-899-5750 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Lorena Perez _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Knight Specialty Insurance Company

Diane J. Bartels, Brandywine Village, 1807 North Market Street

Wilmington, New Castle County, DE 19802

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Jameson Sackey/Monge & Associates _____

Address:  8205 Dunwoody Place, Building 19 _____

City, State, Zip Code:  Atlanta, Georgia 30350 _____     Phone No.: 800-899-5750 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

### SERVICE INFORMATION:

Served, this _____ day of _____ , 20_____ .     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ___ _____

_____

This _____ day of _____ , 20_____ .     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Lorena Perez _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Norman L. Qualls _____

233 Tresca Road _____

Jacksonville, Duval County, Florida 32225

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _Jameson Sackey/Monge & Associates_____

Address: _8205 Dunwoody Place, Building 19_____

City, State, Zip Code: _Atlanta, Georgia 30350_____     Phone No.: _800-899-5750_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**\*\*E-FILED\*\***
21EV002952
5/14/2021 1:00 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Lorena Perez _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

State Farm Mutual Automobile Insurance Company

Served as the Uninsured/Underinsured Motorist Carrier

Corporation Service Company, 2 Sun Court, Suite 400

Peachtree Corners, Gwinnett County, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jameson Sackey/Monge & Associates _____

Address: 8205 Dunwoody Place, Building 19 _____

City, State, Zip Code: Atlanta, Georgia 30350 _____   Phone No.: 800-899-5750 _____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**



NEOPOST                    FIRST-CLASS MAIL
05/20/2021
US POSTAGE $006.80⁰

ZIP 30350
041M11296114



RECEIVED

MAY 2 6 2021

BY: ................



MONGE & ASSOCIATES

8205 Dunwoody Place, Bldg. 19
Atlanta, Georgia 30350

Knight Specialty Insurance Company
Diane J. Bartels, Esq.
Brandywine Village
1807 North Market Street
Wilmington, DE 19802

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE.

CERTIFIED MAIL®

20 2450 0001 6663 7698